Argued and submitted July 24, 1991, reversed April 22, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## DEBI DAWN DeBUSK,
*Appellant.*

(87-0204K; CA A65322)

829 P2d 722

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals the order executing a suspended sentence. She contends that the period of time within which the sentence could have been executed had expired. We reverse.

On March 30, 1987, after pleading guilty to driving under the influence of intoxicants, ORS 813.010, defendant was placed on three years probation, subject to a number of conditions. After numerous proceedings involving violations and extensions of probation, the court, on January 4, 1989, revoked probation and imposed a one-year jail sentence. The court suspended execution of eight months of the sentence but did not continue probation.

On September 13, 1989, the court issued an order to show cause why defendant's "probation" should not be revoked. Defendant moved to dismiss the show cause order, because she was not on probation. There is no written disposition of that motion in the record; however, the deputy district attorney stated in a subsequent hearing that the motion had been granted.[1] In any event, the state moved, on January 4, 1990, for an order for defendant to show cause why the sentence previously suspended should not be executed. The state agreed that defendant's probation had not been extended after the January 4, 1989, revocation. The court issued the order on January 8, 1990, and, after hearing on March 22, 1990, ordered that the sentence be executed.

Defendant argues that the court had no authority to execute the sentence, because the time for that action had expired. Defendant contends, and the state agrees, that she was not on probation after January 4, 1989, and, consequently, under ORS 137.550(7):

"In the case of any defendant whose sentence has been suspended but who is not on probation, the court may issue a warrant and cause the defendant to be arrested and brought

---

[1] The state argues that there is no record, oral or written, of the disposition, so it must be deemed denied. The state represented at a trial court hearing that the motion had been allowed, and we accept that. The trial court proceeded as if the 1989 order had been dismissed.

before the court at any time within the maximum period for which the defendant might originally have been sentenced."

The maximum period for which defendant could have been sentenced for DUII was one year. ORS 161.615(1). The question that the parties dispute is when the one-year period commenced.

■     Defendant argues that the period began to run as of the original sentence date, March 30, 1987, and the court's authority expired one year later. However, the triggering event for the limitation period of ORS 137.550(7) is a suspended sentence with no probation. That did not occur until January 4, 1989.

■     Defendant argues that, even if the time began on January 4, 1989, it expired on January 4, 1990, and the court did not issue the order to show cause until January 8, 1990. The state responds that the proceeding to execute the sentence was commenced on September 13, 1989, when the earlier show cause order was issued and that the later show cause order was an amendment of the earlier one. The state argues that a procedure to revoke a probation is proper if it is begun before probation expires, even if revocation comes after expiration of probation. The same rationale applies to executing a suspended sentence, the state argues.

The state's position is premised on characterizing the September 13, 1989, show cause order as a pleading document that was subsequently amended. The order was issued by the court; it was not a pleading. That order was dismissed, because it sought to revoke a non-existent probation. That proceeding was ended. The January order initiated a new proceeding requiring defendant to show cause why the suspended sentence should not be executed. That proceeding was not initiated until January 8, 1990, which was beyond the time allowed by ORS 137.550(7). The court had no authority to execute the sentence.

Reversed.